| AMY, Judge.
In this appeal from the Office of Workers’ Compensation, the claimant, Paul Romero, asserts that the workers’ compensation judge erred in concluding that he failed to prove that his alleged injuries resulted from a work-related accident. For the following reasons, we affirm.
Factual and Procedural Background
The record indicates that the claimant in this workers’ compensation matter, Paul Romero, began working for the defendant, Chabillis’ Tire Service, on March 3, 1997. He testified that his job duties entailed a variety of vehicle maintenance tasks, including tire repair and replacement. Romero alleges that, while performing these duties, he was injured on March 22, 1997 and, thus, is entitled to compensation benefits.' After a formal accident report was completed on April 7,1997, however, the defendant refused to provide compensation benefits.
| According to the testimony of the claims adjuster assigned to the matter, benefits were withheld after Romero denied reports from co-workers’ that he had pursued outside employment. Following the refusal of benefits, the claimant filed a Disputed Claim for Compensation. In an amended answer to the claim, the defendant affirmatively asserted that the claimant forfeited his rights to any compensation benefits as he violated La. R.S. 23:1208 and La.R.S. 23:1208.1.
At the hearing on this matter, Romero testified that he injured his back while changing a tire on March 22, 1997. He stated that he immediately told his supervisor, Randall Meche, but that Meche did not immediately respond. Romero further testified that he continued to report to work, but that he did so in pain and that his work-pace slowed. He stated, however, that when he returned to work on April 7, he informed Méche that his back hurt too badly to continue working and that Meche reported the injury to the defendant’s manager, Hurbert Rippeon. Romero testified that, when *804 Meche returned, he was informed that he would not be compensated for his injuries because he had waited too long to fill out an accident report. According to Romero, the accident report that was completed was done so with information supplied by Meche. Romero testified that he then left work and sought medical treatment.
Randall Meche’s version of events differed from that related by Romero. Meche testified that he worked with Romero on March 22 and did not see him have an accident and, further, that Romero did not inform him that he injured his back. Rather, Meche testified that Romero first complained to him of back pain on April 5, at that time, he told Romero to stop working and that an accident report could be | .-¡completed when Rippeon returned on April 7. He further stated that, contrary to Romero’s assertion, he did not provide Rippeon with information needed for the accident report, but, rather, that Romero and Rippeon completed the form together.
Furthermore, Meche testified that Romero performed outside work while in the employ of the defendant and that he had seen Romero load his tool box into his truck for these weekend tasks. Meche’s testimony indicated that this outside mechanical work continued after the alleged accident of March 22. In fact, Meche testified that, following the weekend of March 29, Romero told him that he had to remove a transmission and perform a seal job. Meche stated that: “[Romero] was bragging to me and Rip that he set the transmission on his chest and just wiggled it out so the transmission would fall on the ground so he could change that seal.” Rip-peon confirmed this conversation. Furthermore, Meche stated that approximately one month before the hearing, Romero came to his home and asked him to call his attorney and inform him that the accounts of this after-hours work related by Rippeon were untrue.
After hearing the above-related testimony, as well as testimony pertaining to Romero’s failure to report prior back injuries, the worker’s compensation judge concluded that he was not credible and that he had failed to prove that his alleged injuries resulted from a work-related accident. Benefits were, therefore, denied.
Romero now appeals assigning the following as error:[1]
|41. The Trial Court committed manifest error in finding that the plaintiff had not sustained a work related injury; and
2. The Trial Court committed error in [n]ot considering the testimony of claimant’s wife and medical reports as corroboration of claimant’s having sustained a work related injury.
Discussion
Romero argues that he offered sufficient evidence that he sustained an injury in a work-related accident and, accordingly, the trial court was manifestly erroneous in concluding otherwise. He asserts that this burden was met since, not only did he testify that he was injured while lifting a tire at work, but that his wife corroborated his complaints of pain following the alleged accident of March 22, 1997. Additionally, Romero asserts that the reports of the physicians he visited consistently indicate that he reported that he sustained the injuries through his work-related duties. In order to recover in a workers’ compensation matter, an employee must prove that he or she “reeeive[d] personal injury by accident arising out of and in the course of his employment. ...” La.R.S. 23:1031(A) (emphasis added). This burden must be proven by a preponderance of the evidence. Watkins v. Asphalt Assoc., Inc., 96-249 (La.App. 3 Cir. 12/4/96); 685 So.2d 393. Furthermore, “accident” is defined within the controlling statutory provisions as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La.R.S. 23:1021(1).
| sIn Bruno v. Harbert Intern., Inc., 593 So.2d 357, 360-61 (La.1992), the Louisiana Supreme Court stated the following with regard to the claimant’s burden:
*805 A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubts upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers’ Compensation, § 253 (2d Ed.1980). Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; Nelson [v. Roadway Express, Inc., 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. West, supra.
The supreme court further held that, upon review, an appellate court must be mindful of credibility determinations made while considering the evidence. The court stated:
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness’s uncontradieted testimony, although the witness is a party, absent “circumstances casting suspicion on the reliability of this testimony.” West, 371 So.2d at 1147; Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987). The trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Gonzales v. BabCo Farm, Inc., 535 So.2d 822, 824 (La.App. 2d Cir.), writ denied, 536 So.2d 1200 (La.1988) (collecting cases).
Id. at 361.
In the instant matter, the workers’ compensation judge’s oral reasons for ruling reveal the importance of credibility determinations in her determination. The judge related the above-described witness’ testimony in her ruling and, after considering the applicable rules of law, stated, in part, as follows:
Randall Meche, who worked side by side with Romero on the date of the alleged accident and after, testified that he did not see Romero have an accident, that Romero did not tell him of an injury |6caused by a work accident, and that Romero did not complain of any back pain on that day or afterwards. Additionally], Meche testified that Romero consistently told him of other work he was performing other than for Chabillis Tire Service....
[[Image here]]
Romero’s testimony revealed he experienced soreness in his back while he was doing his job. But after a day of soreness, he returned to work and continued to work for two weeks before he sought medical treatment. Romero alleges a second incident occurred shortly before he sought medical treatment, which aggravated his back condition. He said he completed all of his job assignments between the first and second incidents, although his back still remained sore.
The reports of Dr. Howard Alleman, who treated Romero, reveal that his back complaints were caused by an old injury and arthritis, rather than by anything Romero may have done at work in March 1997. Romero denied any previous injury to his back, but medical records predating the alleged accident indicate that he was treated for back pain in 1993 by Dr. Cor-bett LeBouef and was involved in a motor vehicle accident in 1995, where he complained of pain over most of his body.
Romero did not offer any other medical evidence to support his claim. There was no other corroborating evidence to help him make his case, except for his wife’s testimony. The testimony of his co-workers contradict[s] his testimony, and therefore, the Court finds Romero’s testimony lacking credibility.
Romero’s co-workers testified that he consistently told them of work he was performing on vehicles other than at Chabillis Tire Service. Accordingly, the causation of Romero’s claimed disability is questionable. If the evidence stands evenly balanced or established only the possibility that a work event produced the disability or leaves the question open to speculation, then the claimant fails to meet the burden of proof.
In this case, Romero failed to show, by preponderance of the evidence, that his *806 injury was the result of an event happening suddenly or violently, as opposed to a gradual deterioration or progressive degeneration. Accordingly, the Court finds for the employer, Chabillis Tire Service and against the claimant, Paul Romero....
17As evidenced by the workers’ compensation judge’s findings and our review of the record, there are numerous inconsistencies between Romero’s accounting of events and those related by co-workers. Furthermore, although the medical records indicate that the claimant complained of and was diagnosed with a back condition, proof of this condition, alone, is not sufficient if not linked to a work-related accident. It is unclear from the record now before us whether this possible condition resulted from the claimant’s work with the defendant, if it was sustained outside of work, or whether it was a degenerative type of condition. After careful consideration, we do not conclude that the trial court was manifestly erroneous in finding that Romero failed to sustain this burden.
DECREE
For the foregoing reasons, the decision of the Office of Workers’ Compensation is affirmed. All costs of this proceeding are assigned to the claimant, Paul Romero.
AFFIRMED.

. Although the claimant has assigned two separate errors, the claimant, in brief, addresses the issues in a single argument. Accordingly, we combine our discussion of the two.