_JjAMY, Judge.
The plaintiff filed suit against her employer for the termination of her workers’ compensation benefits. At the close of the plaintiffs case, the workers’ compensation judge, upon motion by defense, dismissed the action finding that the plaintiff failed to prove the existence of a work-related accident. The plaintiff appeals. For the following reasons, we affirm.
Factual and Procedural Background
Maria Anderson was employed by The Sanctuary as a cook and housekeeper. She alleges that on December 22,1999, she sustained a back injury while in the course and scope of her employment. According to Anderson’s testimony at trial, she “squatted down” to get a mixer out of a bottom cabinet, then “sprang up.” She stated that she felt a “pinch” in her back. According to her recount of the incident, Anderson then picked up a knife and quickly turned, immediately feeling pain. She explained that she felt pain right above her tailbone on the left side of her back. There were no eyewitnesses to the incident, however, according to the record, there were other employees nearby.
Anderson testified that, believing that the pain would subside, she continued to work until approached by Hazel Simon, a co-worker. According to Anderson’s trial testimony, Simon asked her what was wrong and told her that she could tell by Anderson’s face that something was wrong. Anderson testified that Simon then called both Mr. Hickerson, their boss, and Anderson’s husband. The record indi *1250 cates that Anderson’s husband had someone take her to Eunice Community Medical Center.
Anderson testified at trial that she did not go to work the next day, but that weekend, she went to Texas to pick up her daughter. She explained that, while in | ¡.Texas, she stayed in bed the entire weekend and when she returned home, her husband took her to Huey P. Long Hospital. Again, Anderson testified that her complaint to the hospital personnel was back pain.
According to the record, Anderson returned to work on December 28, 1999 and completed a five-hour shift. She testified that she could not bend over at all and needed help from co-workers. However, Anderson complains that upon returning to work on December 29, 1999, she was again injured. Anderson testified that she was in the process of preparing lunch when she attempted to lift a pot filled with beans and water. According to Anderson’s testimony, as she lifted the pot, the pain returned and she consequently dropped the pot. She explained that one of the residents of the home was present and went to retrieve Paula Ledet, .a counselor. Anderson left work in an ambulance which brought her to Savoy Medical Center. During the trial, Anderson described the pain felt on December 29 as worse than the pain suffered on December 22.
Anderson stated that on the evening of December 29, Mr. Hickerson, her boss, stopped by her house. There, according to Anderson, he informed her that they needed to call the Office of Workers’ Compensation.
According to the record, Anderson spoke with Ann Hotard from the Louisiana Workers’ Compensation Corporation in early January. Hotard’s trial testimony reveals that she was the claims representative of the Anderson case. She stated that she tape recorded Anderson’s January 4, 2000 statement. Hotard explained that the initial report did not contain any mention of the December 29, 1999 incident. On February 27, 2000, workers’ compensation benefits were terminated. Anderson | ^testified that she was notified on March 8, 2000 of the termination of her benefits by a nurse at her doctor’s office.
According to Hotard, Anderson’s benefits were terminated due to a finding that the back pain was caused by a gallbladder condition and not a work-related accident. Furthermore, Hotard testified that she gave more weight to the emergency room records than subsequent doctors visits because of the close proximity in time of the emergency room records to the incident. Although the emergency room records do not document a work-related accident, the records do contain notes of left flank pain, cerebral vascular accident tenderness, and musculoskeletal back pain. In her trial testimony, Hotard could not cite any medical evidence or expert opinion that Anderson’s back pain was related to the gallbladder problem.
The medical records reveal that Anderson went to see Dr. Tassin, a family physician, during the first week of January 2000. The records indicate that, after seeing Dr. Tassin a few times, Anderson was referred to Dr. Nason, an orthopedic surgeon. Although medical records reveal that Anderson’s gallbladder was removed on March 18, 2000, Anderson testified that the back pain persisted for many months after this. Furthermore, according to Dr. Nason’s notes from April 13, 2000, the “gallbladder has no relationship to the current back pain.”
Following the presentation of the claimant’s evidence, the workers’ compensation judge granted a motion for dismissal advanced by the employer. Anderson contends the granting of the dismissal constitutes manifest error. Rather, she argues *1251 that she proved a work-related accident by a preponderance of the evidence.
l4Discussion
In order to recover under the requirements of workers’ compensation law, an employee must prove that he or she was injured in an “accident arising out of and in the course of his employment.... ” LaJt.S. 23:1031(A). La.R.S. 23:1021(1), defines an accident as an “unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” A plaintiff must prove by a preponderance of the evidence that a work-related accident occurred. Romero v. Chabillis’ Tire Service, Inc., 97-1722 (La.App. 3 Cir 5/6/98), 714 So.2d 803.
In the case sub judice, the workers’ compensation judge found that Anderson failed to prove by a preponderance of the evidence that a work-related accident occurred and dismissed the case at the close of Anderson’s presentation of evidence. This court will not disturb the dismissal of a case by the workers’ compensation judge without a finding of manifest error. Citgo Petroleum Corp. v. Yeargin, Inc., 95-1574 (La.App. 3 Cir. 2/19/97), 690 So.2d 154. In making this determination, we must do more than evaluate the record for some evidence that supports or contradicts the workers’ compensation judge’s findings. We “review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.” Stobart v. State, through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993). Additionally, when applying the manifest error standard, “the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Beverly v. Boardwalk Const., 00-00219,5 p. 5 (La.App. 3 Cir. 10/12/00), 771 So.2d 741, 744. See also, Stobart, 617 So.2d 880.
At trial, the only evidence that Anderson presented, besides some unpaid medical bills, was her testimony and the testimony of Ann Hotard, the workers’ compensation case representative, whom the claimant questioned under cross-examination. This court, in following the Louisiana Supreme Court, has held that an employee’s testimony, in itself, may be sufficient to meet the burden of proof given that two elements are fulfilled: “(1) no other evidence discredits or casts serious doubts upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.” Romero, 97-1722, p. 5, 714 So.2d at 805 (emphasis added). See also, Bruno v. Harbert Intern., Inc., 593 So.2d 357 (La.1992).
After considering the plaintiffs presentation of evidence, the workers’ compensation judge concluded that Anderson’s statements were insufficient. The workers’ compensation judge concluded, in pertinent part, as follows:
The major question is whether there was an accident in the course and scope of employment, and based on the testimony that I’ve heard here today and the medical records that I have in front of me, I feel that no matter what evidence that the defendant may put on, that there hasn’t been a showing by a preponderance of the evidence that there was an accident in the course and scope of employment. There’s just too many inconsistencies in the medical documents from Eunice Community Medical Center, Savoy Medical Center and Huey P. Long Medical Center, and the testimony of Maria Anderson for me to find that an accident was proven by a preponderance of the evidence.... The medical *1252 records, or the medical treatment that was provided immediately after the alleged incident are not consistent with Mrs. Anderson’s testimony, and, therefore, I don’t believe that she has carried her burden of proof.
|fiOur review of the record does not reveal that the workers’ compensation judge’s determination was manifestly erroneous. Again, the claimant had the burden of proving the occurrence of a work-related accident. In support of her claim, Anderson presented only her own version of events and the testimony of the workers’ compensation claims representative, Ann Hotard. While this potentially could have been sufficient under Romero and Bruno, the workers’ compensation judge found it inadequate.
In applying the two prong standard of Romero and Bruno, we first consider the workers’ compensation judge’s finding that other evidence casts serious doubt on Anderson’s testimony. As stated above, the workers’ compensation judge’s ruling found that there were several inconsistencies in Anderson’s trial testimony, deposition, and medical records which cast doubt on Anderson’s version of the incident. In Anderson’s deposition, she testified that the pain was in the right side of her back. Yet, at trial, Anderson testified that the pain was in the left side of her body. Additionally, the emergency room records do not mention a work-related accident. Considering this, we find no error in the workers’ compensation judge’s decision to give weight to the existence of inconsistencies and the conclusion that the evidence casts doubt on Anderson’s version of the events at trial.
Next, we turn to the second inquiry of whether or not Anderson’s testimony was corroborated by the circumstances following the accident. Although Anderson would have been unable to present eyewitness testimony, as the alleged accident was admittedly unwitnessed, neither did she provide the testimony of any co-workers or individuals who were at the scene to confirm her version of events. This type of evidence, which could possibly have assisted in confirming Anderson’s version of 17events and contributed to satisfaction of the Bruno factors, was not presented. Thus, the workers’ compensation judge was required to essentially make a credibility determination as to the claimant’s unsubstantiated version of events.
This court has held and the jurisprudence is clear that:
Where there is a conflict in testimony, “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review” even though the appellate court may feel that its own evaluations and inferences are reasonable. Stobart v. State through Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993). Deference is due to the fact-finder’s determinations regarding the credibility of witnesses “for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Rosell v. ESCO, 549 So.2d 840 (La.1989).
Thibodeaux v. Sunland Const., 00-1472, p. 3 (La.App. 3 Cir. 4/4/01), 782 So.2d 1203, 1206. Given the inconsistencies between Anderson’s hearing testimony and her pri- or deposition and medical records, we find no manifest error in the trial court’s decision. Accordingly, this assignment of error is without merit.
DECREE
For the foregoing reasons, the decision of the worker’s compensation judge is affirmed. All costs of this appeal are assigned to the claimant, Maria A. Anderson.
AFFIRMED.
SAUNDERS, J., dissents and assigns written reasons.