AMY, Judge.
The claimant alleged a work-related injury with a subsequent aggravation approximately one week later. The employer turned the claim over to its workers’ compensation provider, who then denied the claim. The claimant then filed suit and received a judgment for medical and indemnity benefits, attorney fees, and penalties. The employer appeals. For the following reasons, we affirm.
Factual and Procedural Background
The claimant, Steve Cormier, alleges that he was involved in a work-related accident on July 27, 2000, and that a subsequent aggravation of the injury occurred August 3, 2000. At the time of injury, Mr. Cormier was employed by the defendant, Sam Broussard Trucking Company, as a truck driver. According to the claimant’s testimony, he was binding down a load at the time of the initial injury. The claimant explained that he had both hands on the cheater pipe and when he released one hand, the pipe hit him in the left shoulder. On August 3, 2000, the claimant explained that he was doing the same type of work and he felt something “pop” in his left shoulder.
The claimant reported the incident to Eddie Young who referred him to Suzette Judice, assistant to the president of Sam Broussard Trucking Company. On August 9, 2000, the claimant contacted Ms. Judice. Ms. Judice investigated the claim and determined that it should be turned over to the company’s workers’ compensation insurance carrier, Louisiana Workers’ Compensation Corporation (LWCC). After investigating the claim, LWCC denied benefits to Mr. Cormier. Subsequently, Mr. Cormier initiated the present litigation.
At the July 6, 2001 trial, the workers’ compensation judge determined that the claimant failed to prove the July 27, 2000 accident, but did prove the re-injury on August 3, 2000. Accordingly, the workers’ compensation judge awarded medical and indemnity benefits. Furthermore, the workers’ compensation judge awarded the claimant $2,000.00 in penalties and $5,000.00 in attorney fees, finding that the defendant did not reasonably controvert the claim.
The defendant now appeals, arguing two points of error. First, the defendant argues that the workers’ compensation judge committed manifest error in finding that there was an accident on August 3, 2000. Next, the defendant assigns as error the workers’ compensation judge’s award of penalties and attorney fees.
*993 Discussion

Compensation

The defendant’s first assignment of error alleges that the workers’ compensation judge committed manifest error in determining that a work-related accident occurred on August 3, 2000. Specifically, the defendant argues that the workers’ compensation judge erred “in finding that there was a[sic] August 3rd accident, when Mr. Cormier asserted that on that date he aggravated an injury of July 27th and the workers compensation judge found that there was no accident on July 27th. ” However, an appellate court may not reverse a trial judge’s factual findings absent manifest error, or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
La.R.S. 23:1021(1) defines an accident as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” A plaintiff must prove by a preponderance of the evidence that a work-related accident occurred. Romero v. Chabillis’ Tire Service, Inc., 97-1722 (La.App. 3 Cir. 5/6/98); 714 So.2d 803, writ denied, 98-1484 (La.9/4/98); 721 So.2d 915. Mr. Cormier claims that his left shoulder was injured on July 27, 2000, while in Sulphur, Louisiana, binding down a load that was on his truck. Mr. Cormier also alleges that his shoulder injury was aggravated on August 3, 2000 while in Port Allen, Louisiana.
Suzette Judice investigated the July 27, 2000 claim for Sam Broussard Trucking Company. Through her investigation, she found that Mr. Cormier’s version of events was inconsistent with the company’s waybill records of what type of load Mr. Cor-mier was transporting and what time of day he was working. Thus, Ms. Judice turned the case over to LWCC. Jesse Eu-say, then an employee of LWCC, was the claims representative for this. case. Mr. Eusay testified that he, too, noted the inconsistencies between Mr. Cormier’s version of events and the company records. Furthermore, Mr. Eusay testified that he even gave Mr. Cormier the opportunity to explain the inconsistencies and Mr. Cormier did not. However, Mr. Eusay testified, concerning the August 3, 2000, accident, as follows:
Q Did you ever get any documentation from Sam Broussard or elsewhere to discredit that Mr. Cormier was not hauling material on a flatbed truck for the August 3rd accident which occurred in Port Allen?
A That added up. That story did add up. She said he reported it on August 3rd. He — it happened on August 3rd. He was where he said he was. He was hauling a flatbed truck and binding down a load. That added up. And he reported it and I don’t know if it was four or five days later he reported it, or — I can’t remember actually how long afterwards he reported it.
Q So at that time did you continue to want to deny the claim, or did you make any recommendations regarding whether or not to accept the claim?
A At that time I started looking further into accepting it. I was kind of— we couldn’t get a clear accident in July, but, in fact, he had an accident on August 3rd he reported timely. And they sent him to the doctor at that time. So there was an accident there.
The only thing that was kind of disturbing me was it was kept on being called a re-aggravation, but we couldn’t find the first accident, ... Re-aggravation of what? There wasn’t — we *994 couldn’t prove there was a first accident. But, in fact, he did get hurt and it was, you know, on the August 3rd and he reported it. That’s — that’s why I was kind of leaning more at that time. I was kind of more — at first denying it but I started kind of leaning towards accepting it.
Q But you were never given authority to accept the claim, were you?
A No.
A claimant’s testimony may be sufficient to meet the burden of proof if two elements are fulfilled: “(1) no other evidence discredits or casts serious doubts upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.” Romero, 97-1722, p. 5; 714 So.2d at 805. See also, Bruno v. Harbert Int’l, Inc., 593 So.2d 357 (La.1992). As discussed above, Mr. Cormier’s testimony of the events of July 27, 2000, was refuted by the waybills and daily logs of the company. However, Mr. Cormier’s testimony concerning August 3, 2000, was supported by the company records and there was no other version of the incident. Thus, the workers’ compensation judge did not commit manifest error in determining that Mr. Cormier failed to prove the July 27, 2000 accident, but did prove the August 3, 2000 accident by a preponderance of the evidence.

Penalties and Attorney Fees

The defendant next appeals the award of penalties and attorney fees to Mr. Cormier. “The determination of whether an employer should be cast with penalties and attorneys fees is essentially a question of fact and the trial court’s finding shall not be disturbed on appeal absent manifest error.” Beverly v. Boardwalk Const., 00-00219, p. 9 (La.App. 3 Cir. 10/12/00); 771 So.2d 741, 747, writ denied, 00-3096 (La.1/5/01); 778 So.2d 1142. See also, Oliveaux v. Riverside Nursing Home, 29,419 (La.App. 2 Cir. 4/2/97); 691 So.2d 340.
La.R.S. 23:1201(F) states, in pertinent part,:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers’ compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers’ compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
Ms. Judice’s testimony supports a finding that the August 3, 2000 alleged accident was not reasonably controverted or adequately investigated. Ms. Judice testified as follows:
Q In reference to an accident or an injury?
*995 A But when I — the first time I had talked to Steve, I asked him when it happened. He said, This past Thursday, which was August the 3rd.
Q Okay.
A And then that’s when I asked him, I said, “I’ll need your waybills, logs and all of that stuff.”
And he said, “Eddie had them.”
And Eddie had told me, he said, “Suzette, he told me that he had an — re-injured his shoulder from a previous injury about a month ago.”
And I had no record of an injury a month ago.
Q Did you look into the information about August the 3rd?
A I pulled — I checked his waybill. I looked at his waybills.
Q, And what did they indicate to you?
A The waybills shows that he had three loads. But I didn’t — that’s—I didn’t go in- — -into—
Q That’s the extent of it—
A Yeah.
Additionally, as stated earlier, Mr. Eusay, the claims’ representative with LWCC, stated that the circumstances surrounding the August 3, 2000 accident were consistent with Mr. Cormier’s version of events. After reviewing the record and the facts set forth above, we find that this assignment of error is without merit.

Additional Penalties and Error

In his brief to this court, Mr. Cormier requests additional penalties, in the amount of $2,000.00, and assigns error with the workers’ compensation judge’s finding that he failed to carry his burden in proving the July 27, 2000 accident. However, the record does not reflect that Mr. Cormier filed his own appeal or answered this appeal.
La.Code Civ.P. art. 2133 states:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, no later than fifteen days after the return day or the lodging of the record whichever is later....
Thus, because Mr. Cormier did not file his own appeal or file an answer to the appeal presently before us, we decline to review his assignments of error.
DECREE
For the above reasons, we affirm the decision of the workers’ compensation judge. All costs of this appeal are assigned to Sam Broussard Trucking Company.
AFFIRMED.